**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**RUTH DRUMWRIGHT,**

        **Plaintiff,**

**v.**                                        **Civil Action No.**   3:17cv508

**ZAKHEIM LAW GROUP, P.A.,**

        **Defendant.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.      This is an action by a consumer alleging damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* to redress illegal direct communication with the Plaintiff, a senior citizen, after being told by counsel that she was represented by an attorney.

**JURISDICTION**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

**PARTIES**

3.      Plaintiff Ruth Drumwright ("Ms. Drumwright") is a natural person who resides in Virginia. Ms. Drumwright is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Zakheim Law Group, P.A., ("Zakheim") is Florida law firm with its principal office located at 1133 South University Drive, Second Floor, Plantation, Florida 33324, and has as its registered agent Scott C. Zakheim, who is located at the same address.  The

principal purpose of its business is the collection of consumer debt.

5.　　　Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.　　　On or about December 2, 2016, Zakheim began attempting to collect from Ms. Drumwright a debt that Zakheim alleged to be due and owing. A true and accurate copy of Defendant's December 2, 2016 dunning letter[1] is attached hereto as Exhibit 1.

7.　　　The purported debt was a personal consumer credit account, and was alleged by Zakheim to have been incurred primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

8.　　　Being unable to pay the alleged debt due to extremely limited financial means, Ms. Drumwright, a senior citizen who, like her husband, suffers from numerous serious medical conditions, sought the assistance of legal aid attorneys at Legal Advocates for Seniors and People with Disabilities (LASPD).

9.　　　On February 28, 2017, LASPD attorney Edward Grossman sent a letter by facsimile to Zakheim advising Zakheim of LASPD's representation of Ms. Drumwright and requesting that they cease all further collection activities and direct all further communications to LASPD's office. A true and accurate copy of Mr. Grossman's February 28, 2017 letter is attached hereto marked Exhibit 2.

---

[1] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *DeCapri v. Law Offices of Shapiro, Brown & Alt*, 2014 U.S. Dist. Lexis 131979, * 1, n. 1 (E.D. Va. 2014); *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, *1, 2014 U.S. Dist. Lexis 30898, *3, (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 842, n.1 (E.D. Va. 2011).

10.     A copy of the fax transmission report showing that the fax was successfully sent is attached hereto as Exhibit 3.

11.     Zakheim received Edward Grossman's February 28, 2017 letter.

12.     On or about March 21, 2017, Zakheim sent directly to Ms. Drumwright another dunning letter attempting to collect the alleged debt. A true and accurate copy of the March 21, 2017 letter is attached hereto marked Exhibit 4.

13.     On May 20, 2017, LASPD attorney Edward Grossman sent a second letter by facsimile to Zakheim advising them of LASPD's representation of Ms. Drumwright and requesting that they cease all further collection activities and direct all further communications to LASPD's office. A true and accurate copy of the May 20, 2017 letter is attached hereto marked Exhibit 5.

14.     A copy of the fax transmission report showing that the fax was successfully sent is attached hereto as Exhibit 6.

15.     Despite being advised by Mr. Grossman that he represented Ms. Drumwright, Defendant nevertheless continued to communicate with Ms. Drumwright directly, in violation of 15 U.S.C. § 1692c(a)(2).

16.     Zakheim's violations of the FDCPA were material because, although Ms. Drumwright had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Zakheim's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

17.     Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's

decision making process, are material, *see*, *Lox v. CDA*, 689 F.3d 818, 827 (7th Cir. 2012). Here, Zakheim's actions caused Ms. Drumwright to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

18.     As a result of the acts and omissions of Defendant, Ms. Drumwright has suffered actual damages and injury, including but not limited to, stress, mental anguish and suffering, and emotional distress.

**COUNT ONE**
**VIOLATION OF THE FDCPA – 15 U.S.C. § 1692c(c)**
**Failure To Cease Communications And Cease Collections**

19.     The allegations of the foregoing paragraphs of the Complaint are incorporated by reference.

20.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. *See*, 15 U.S.C. § 1692c(c).

21.     Here, the letter from Ms. Drumwright's agent/attorney, LASPD, told Defendant to cease communications and cease collections (Exhibit 2). By continuing to communicate regarding collection of this debt (Exhibit 4), Defendant violated § 1692c(c) of the FDCPA.

22.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, *see*, 15 U.S.C. § 1692k.

**COUNT TWO**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

23.     Plaintiff adopts and realleges Paragraphs 1-18.

24.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, *see*, 15 U.S.C. § 1692c(a)(2).

25.     Defendant knew that Ms. Drumwright was represented by counsel in connection with her debt because her attorney at LASPD had informed Defendant, in writing, that Ms. Drumwright was represented by counsel, and had directed a cessation of communications with Ms. Drumwright (Exhibit 2).  By sending a collection letter directly to Ms. Drumwright (Exhibit 4), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

26.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1.     Declaratory relief that the Defendant violated the Fair Debt Collection Practices Act;

2.     Award Plaintiff statutory damages and actual damages against the Defendant for its violations of the Fair Debt Collection Practices Act;

3.     Award Plaintiff reasonable attorneys' fees against the Defendant for its violations of the Fair Debt Collection Practices Act;

4.     Award Plaintiff costs against the Defendant for its violations of the Fair Debt Collection Practices Act;

5.     Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                            Respectfully submitted,
                                            Ruth Drumwright
                                            By Counsel

___/s/_____
By: Dale W. Pittman, VSB#15673
Counsel for Ruth Drumwright
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com